UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ASPEN AMERICAN INSURANCE
COMPANY, etc.,

    Plaintiff,

v.                                                  CASE NO. 3:24-cv-721-ACC-SJH

LANDSTAR RANGER, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Landstar Ranger, Inc.'s Motion to Compel Attendance of Landstar's Noticed Deponents ("Motion"). Doc. 41. The Motion seeks to compel three depositions ("the Depositions") to occur on June 2, 2025: (i) the corporate representative deposition of Tessco Technologies Inc. ("Tessco") (at 8:00 a.m.); (ii) the corporate representative deposition of Aspen American Insurance Company ("Aspen") (at 10:00 a.m.); and (iii) the deposition of Drew Mercer ("Mr. Mercer") (at 12:00 p.m.). Doc. 41 at 3, 5; Doc. 41-5.[1]

The Motion is due to be denied. Preliminarily, the Motion fails to comply with Local Rule 3.01(g). *See* Doc. 38; 40 at 3-4. For this reason alone, it is due to be denied.

---

[1] Despite being filed after 6:00 p.m. on May 27, 2025, and seeking to compel three depositions to occur on June 2, 2025, the Motion was not designated as time-sensitive in violation of Local Rule 3.01(e). Given the time-sensitive request, the Court has nevertheless provided an expedited resolution and, upon consideration, does not deem a response to the Motion necessary. *See Hot Wheels Lux, LLC v. Morris*, No. 6:23-cv-394-PGB-DCI, 2024 WL 2273373, at *1 & n.1 (M.D. Fla. Apr. 10, 2024); *see also* Fed. R. Civ. P. 1.

*See Luthmann v. Fed. Bureau of Investigation*, No. 2:21-cv-716-JES-NPM, 2023 WL 6292002, at *1 (M.D. Fla. Aug. 9, 2023); *Gray v. Am. Marine Design Corp.*, No. 3:20-cv-1331-BJD-PDB, 2022 WL 18492519, at *1 (M.D. Fla. July 18, 2022); *Balis v. Martin*, No. 2:20-cv-435-JES-NPM, 2021 WL 1104976, at *1 (M.D. Fla. Mar. 23, 2021); *Devs. Sur. & Indem. Co. v. Archer W. Contractors, LLC*, No. 6:16-cv-1875-Orl-40KRS, 2018 WL 3327876, at *1 n.1 (M.D. Fla. July 6, 2018); *Miller v. Summers*, No. 2:14-cv-347-FtM-38DNF, 2015 WL 12859329, at *2 (M.D. Fla. Sept. 25, 2015).[2]

In addition, even if the Court were to otherwise consider the Motion, it would fail. Taking the representations in the Motion as true, on the afternoon of May 19, 2025, counsel for Defendant emailed counsel for Plaintiff to attempt to schedule the corporate representative deposition of Tessco. Doc. 41 at 2; Doc. 41-1. Five minutes later, Plaintiff unilaterally noticed three depositions for June 2, 2025 (a deposition of Eli Sarga at 1:00 p.m., a deposition of Thomas Burns at 3:00 p.m., and a corporate representative deposition of Defendant at 10:00 a.m.). Doc. 41 at 2; Doc. 41-2.[3]

---

[2] Beyond a facial failure to comply with Local Rule 3.01(g), the attachments to the Motion demonstrate a failure to properly confer. *See, e.g., McLaughlin v. Select Rehab. LLC*, No. 3:22-cv-59-HES-MCR, 2023 WL 3009868, at *3 (M.D. Fla. Mar. 15, 2023) ("Local Rule 3.01(g) requires a movant to 'confer with the opposing party in a good faith effort to resolve the motion.' . . . The rule has been construed to mean to 'speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues.'") (citations omitted); *Schwartz v. ADP, Inc.*, No. 2:21-cv-283-SPC-MRM, 2021 WL 4295274, at *2 (M.D. Fla. Sept. 21, 2021) ("The term 'confer' requires a substantive conversation in person, by telephone, or via videoconference. It does not envision an exchange of ultimatums by email or letter."); *see also Devs. Sur. & Indem. Co. v. Archer W. Contractors, LLC*, No. 6:16-cv-1875-Orl-40KRS, 2018 WL 3327876, at *1 n.1 (M.D. Fla. July 6, 2018).

[3] Though Defendant implies Plaintiff's email and deposition notices may have been sent in response to Defendant's scheduling inquiry, the timing negates such an inference. It would have been unrealistic to prepare and send three deposition notices (one with topics for a corporate representative) in five minutes, so Plaintiff was necessarily preparing its own notices before receiving Defendant's inquiry.

2

At 5:51 p.m. on May 20, 2025, Defendant responded to Plaintiff's notices to object to the timing of the depositions Plaintiff had scheduled and to any deposition of Mr. Burns. Doc. 41 at 2; Doc. 41-3. Defendant suggested that its email constituted a Local Rule 3.01(g) conferral and insisted it would file a motion if Plaintiff did not respond by 10:00 a.m. the next morning. Doc. 41 at 2; Doc. 41-3.[4] On May 21, 2025, at 5:50 p.m., counsel for Plaintiff responded and, among other things, discussed a willingness to coordinate a corporate representative deposition of Tessco (despite counsel for Defendant having reached out only 2 days earlier, which was only 14 days before the close of discovery), provided Defendant withdrew its motion as to Mr. Burns.[5] Doc. 41 at 3; Doc. 41-4. In response, on May 21, 2025, at 6:27 p.m., counsel for Defendant wrote that if no alternate date for Tessco's deposition was provided by noon on Friday, May 23, 2025, then Defendant would unilaterally notice the same. Doc. 41 at 3; Doc. 41-4. Without waiting for that deadline, Defendant then noticed the Depositions on May 22, 2025. Doc. 41 at 3; Doc. 41-5.[6]

---

[4] Defendant filed a separate expedited motion for a protective order as to only the deposition of Mr. Burns based only on relevancy. Doc. 38. That motion appears to have been without any merit, *see, e.g.*, Doc. 40, and was later withdrawn, Doc. 42. The notice of withdrawal includes an ambiguous reference to Defendant's objection to Plaintiff's unilaterally set depositions based on availability, yet no such objections were ever presented to the Court. Doc. 42.

[5] The Court does not condone this sort of tit-for-tat response by counsel for Plaintiff. To be sure, the motion as to Mr. Burns appears to have lacked merit and has now been withdrawn. But one side's scheduling of a deposition ought not be conditioned on the other side's withdrawing an unrelated, albeit meritless, motion. But, as explained herein, the Motion fails even though it is apparent that both sides could have acted more professionally.

[6] The Court lacks information as to whether Plaintiff has consented to service by email but assumes *arguendo* that the emailed Deposition notices were properly served by Defendant.

Based on the foregoing, the Motion lacks merit. Defendant specifically seeks in its Motion to compel the Depositions to occur on June 2, 2025, but it first noticed such a date on May 22, 2025, which is insufficient. *See* Local Rule 3.04 ("A deposition by oral examination or written questions and a subpoena duces tecum require fourteen days' written notice to the deponent or responding person."); *see also Greacen v. Town of Redington Beach*, No. 8:20-cv-2568-JSM-AAS, 2021 WL 2551625, at *2 (M.D. Fla. June 22, 2021) (quashing subpoena for deposition that provided the deponent less than 14 days' notice in violation of Local Rule 3.04); *cf. Davis v. Mina*, No. 6:23-cv-72-RBD-EJK, 2023 WL 8828859, at *2 (M.D. Fla. Dec. 21, 2023).[7] This timing failure defeats the relief requested in the Motion. Defendant summarily argues that it "*did* notice depositions on May 22, 2025 which is fourteen days in advance of June 2, 2025" and that such was sufficient. Doc. 41 at 4.[8] This argument is meritless. Simply saying something does not make it so. And May 22 is only 11 days before June 2.[9]

---

[7] Moreover, at least one of the Depositions (of Aspen) appears to directly conflict with a separately noticed deposition by Plaintiff (of Defendant's corporate representative) as to which Defendant did not seek any relief.

[8] Fourteen days in advance of June 2 is actually May 19. But Defendant does not even *attempt* to argue that its May 19 email constituted sufficient notice, nor could it. That email mentioned only Tessco (not Aspen and/or Mr. Mercer) and did not purport to provide any notice or intended dates for *any* depositions, instead first broaching the subject of scheduling. Doc. 41-1.

[9] Though unclear, it appears Defendant may also imply any scheduling failure on its end should be excused by suggesting that Plaintiff acted improperly in (i) unilaterally noticing its own depositions; and (ii) not cooperating in scheduling the depositions Defendant now wishes to take. Doc. 41. No support for any such undeveloped arguments is presented. *Cf. See Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1356 (11th Cir. 2024); *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023); *Cousins v. Sch. Bd. of Orange Cnty., Fla.*, 687 F. Supp. 3d 1251, 1280 (M.D. Fla. 2023). Regardless, unlike Defendant, Plaintiff formally noticed depositions with the requisite 14 days' notice. And though Plaintiff could, *and should*, have reached out to coordinate scheduling, that does not necessarily mean, as Defendant suggests, that a failure to do so was sanctionable. *Cf.* Middle

Accordingly, the Motion (Doc. 41) is **denied**.[10]

**DONE AND ORDERED** in Jacksonville, Florida, on May 28, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

---

District Discovery (2021) at Section II(A)(1); Local Rule 3.04. More importantly, Defendant never sought relief as to the timing or manner Plaintiff noticed depositions. Rather, Defendant sought protective relief as to only one of the depositions noticed by Plaintiff, did so only on relevancy grounds, and did so in an apparently meritless motion that was withdrawn. *See supra* note 4. And even if Plaintiff had improperly noticed depositions—an issue not before the Court—such would not excuse Defendant's failures. *Cf. Deligdish v. Bender*, No. 6:23-cv-417-DCI, 2024 WL 3917212, at *6 (M.D. Fla. Aug. 23, 2024) ("Two wrongs don't make a right."). As to Plaintiff's alleged lack of cooperation to coordinate scheduling, such cannot be considered the cause of any timing deficiency by Defendant. Defendant first reached out to even attempt to coordinate any deposition dates on May 19, 2025 (14 days before the close of discovery). A party cannot reasonably expect and demand that another party will instantaneously respond to a request for deposition dates and provide available dates 14 or less days out.

[10] This Order rules on only the specific relief requested in the Motion. Although the Motion is denied, the Court has ruled without the need for a response to the Motion and the circumstances do not warrant an expense award.

5