UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ASPEN AMERICAN INSURANCE
COMPANY, etc.,

    Plaintiff,

v.                                 CASE NO. 3:24-cv-721-ACC-SJH

LANDSTAR RANGER, INC.,

    Defendant.
_____/

## **ORDER**

On May 21, 2025, Defendant filed a motion seeking an expedited protective order to preclude the deposition of Thomas Burns, noticed by Plaintiff for June 2, 2025 ("Motion"). Doc. 38. Given the expedited relief requested in the Motion, the Court ordered an expedited response, Doc. 39, which Plaintiff filed on May 27, 2025. Doc. 40. On May 28, 2025, Defendant filed a notice withdrawing the Motion. Doc. 42. Accordingly, the Court denied the Motion as moot and ordered Defendant and its counsel to show cause in writing why Plaintiff should not be awarded its reasonable expenses, including attorney's fees, incurred in opposing the Motion. Doc. 43 at 1-2.

As the Court explained in its prior Order, because the Motion was "denied, the Court must, after affording an opportunity to be heard, award Plaintiff the reasonable expenses incurred in opposing the Motion, absent circumstances warranting application of an exception (*i.e.*, unless the Motion 'was substantially justified or other

circumstances make an award of expenses unjust').'" *Id.* (citing Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5)(B)).[1]

Defendant's response to the Court's Order ("Response to OTSC"), Doc. 45, is unavailing. Preliminarily, the Motion failed to comply with Local Rule 3.01(g) and, for that reason alone, was due to be denied. *See Luthmann v. Fed. Bureau of Investigation*, No. 2:21-cv-716-JES-NPM, 2023 WL 6292002, at *1 (M.D. Fla. Aug. 9, 2023); *Gray v. Am. Marine Design Corp.*, No. 3:20-cv-1331-BJD-PDB, 2022 WL 18492519, at *1 (M.D. Fla. July 18, 2022); *Balis v. Martin*, No. 2:20-cv-435-JES-NPM, 2021 WL 1104976, at *1 (M.D. Fla. Mar. 23, 2021); *Devs. Sur. & Indem. Co. v. Archer W. Contractors, LLC*, No. 6:16-cv-1875-Orl-40KRS, 2018 WL 3327876, at *1 n.1 (M.D. Fla. July 6, 2018); *Miller v. Summers*, No. 2:14-cv-347-FtM-38DNF, 2015 WL 12859329, at *2 (M.D. Fla. Sept. 25, 2015). Plaintiff noted this fundamental deficiency. Doc. 40 at 3-4. But the Response to OTSC does not address, much less justify, Defendant's failure to adequately confer before filing an expedited motion requiring an expedited response. Doc. 45.

In addition, the Motion was facially lacking. "The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir.

---

[1] A motion to compel or for protective order is "substantially justified" where "'there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action].'" *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011).

2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir.1978));[2] *see also Chiorando v. Fed. Ins. Co.*, No. 6:21-cv-2172-CEM-EJK, 2023 WL 11979840, at *1 (M.D. Fla. May 4, 2023). Yet the Motion said little about this case. Most of the Motion—including *everything* preceding the memorandum of law—recounted the procedural history of a prior related action by Plaintiff that was dismissed without prejudice. Doc. 38 at 1-4. All the attachments to the Motion were from that prior action. *See id.*; *see also* Docs. 38-1–38-9.[3] Indeed the Motion did not contain a *single* citation to anything occurring or relating to this action. *See generally* Doc. 38. Any fleeting references to this case or Mr. Burns were conclusory, unaccompanied by any record or evidentiary support, and wholly insufficient to warrant a protective order. *See id.*, *Ekokotu*, 408 F. App'x at 336; *Chiorando*, 2023 WL 11979840, at *1. That was particularly so given the extraordinary relief sought in the Motion. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); *Vazquez v. Marriott Int'l, Inc.*, No. 8:17-cv-116-T-35MAP, 2018 WL 1988875, at *1 (M.D. Fla. Mar. 27, 2018) ("But because the burden

---

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] Defendant previously moved to dismiss this action, and in so doing focused on much of the same procedural history of the prior action. *See* Doc. 13. The Court denied that motion to dismiss. Doc. 32.

3

of showing good cause to preclude a deposition altogether is a heavy one, protective orders prohibiting depositions are rarely granted."); *see also Eres v. Progressive Am. Ins. Co.*, No. 8:17-cv-2354-T-17SPF, 2018 WL 11344801, at *1 (M.D. Fla. Sept. 21, 2018).

Even more problematic than these facial deficiencies, Plaintiff's response to the Motion persuasively explained that (i) Defendant identified in both its initial disclosures and its amended initial disclosures that it may use a representative of Risk Management Claims Services ("RMCS") to support its defenses; and (ii) Defendant identified Mr. Burns as the person who would verify its interrogatory responses. *See* Doc. 40 at 1-3; Doc. 40-1 at 2, 4; Doc. 40-2 at 2, 4; Doc. 40-3 at 8-10. Not only does the Response to OTSC fail to refute these fatal defects in the Motion, it further reinforces the Motion's futility by (i) acknowledging Mr. Burns is the director of RMCS (ii) conceding that Mr. Burns personally "has some knowledge of the claim *generally*"; and (iii) acknowledging that Defendant even designated Mr. Burns to testify on its behalf as its corporate representative. Doc. 45 at 7, 9.

In short, the Motion was substantially deficient, both procedurally and substantively. For the reasons herein, in the Court's prior Order, Doc. 43, and in Plaintiff's prior response, Doc. 40, the Motion was not substantially justified and no other circumstances make an expense award unjust. Thus, an expense award is warranted. *See, e.g., Deltona Transformer Corp. v. NOCO Co.*, No. 6:19-cv-308-Orl-41LRH, 2020 WL 11420585, at *5 (M.D. Fla. Mar. 9, 2020) ("The Court is not willing to go as far as [the respondent's] characterization of [the] motion [as filed in bad faith and in an attempt to vexatiously multiply the litigation]; however, it is clear to the

Court that [the motion for protective order] motion is deficient both procedurally and substantively, and that [the movant] was not substantially justified in its arguments. As such, an award of sanctions is appropriate."); *see also* Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5)(B).

Accordingly, it is **ordered** that Plaintiff is **granted** an award of its reasonable expenses incurred in opposing the Motion, including attorney's fees ("Expenses"). The parties are **directed** to attempt in good faith to resolve such award by agreement and to promptly file a notice with the Court if they do so. If not resolved earlier, such efforts must include a meet-and-confer conference between counsel for the parties, to occur in person, by telephone, or by videoconference, no later than **June 24, 2025**. If the parties cannot reach an agreement, Plaintiff must file a properly supported motion on its position as to the award to be made for the Expenses no later than **July 1, 2025**, to which Defendant must file a response within 14 days of service.

**DONE AND ORDERED** in Jacksonville, Florida, on June 10, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record