UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ASPEN AMERICAN INSURANCE
COMPANY, etc.,

    Plaintiff,

v.                                              CASE NO. 3:24-cv-721-ACC-SJH

LANDSTAR RANGER, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Sanctions ("Motion"), Doc. 52, and Defendant's response thereto ("Response"), Doc. 56.

### I.    Issue Presented

The Motion contends that Defendant's corporative representatives were not adequately prepared to testify at the deposition of Defendant under Rule 30(b)(6), Federal Rules of Civil Procedure ("Rule(s)"). *See generally* Doc. 52. The Motion thus seeks sanctions under Rule 37(d). *See id.* at 10. Specifically, contending that the testimony was so inadequate as to constitute an "essential nonappearance," Plaintiff seeks an award of the reasonable expenses, including attorney's fees, incurred in taking the Rule 30(b)(6) deposition. *See id.* at 9-10.[1]

---

[1] Plaintiff has separately filed a motion *in limine* seeking to preclude testimony based on similar arguments, which is not before the undersigned. *See id.* at 9-10; Doc. 51. The only issue presented here is whether, as a sanction under Rule 37, Plaintiff is entitled to an award

Defendant disagrees with Plaintiff's assertions that Defendant's corporate representatives were inadequately prepared. *See generally* Doc. 56. It alternatively argues that assuming *arguendo* its representatives "were ill prepared or inadequate, the appropriate remedy would be for [Plaintiff] to conduct a second Rule 30(b)(6) corporate representative deposition on those topics where the [prior] testimony was allegedly incomplete." *Id.* at 3. To that end, Defendant represents that during the pre-Motion conferral meeting, Defendant offered Plaintiff "an opportunity to take a second 30(b)(6) deposition on those [topics Plaintiff] asserts [Defendant's] representatives were not properly prepared" but that Plaintiff declined such good-faith efforts and resolution and instead charged forward with the sanctions Motion. *Id.*

## II. Applicable Law

"If a party names a private corporation as the deponent, the named corporation 'must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf.'" *Goers v. L.A. Entm't Grp., Inc.*, No. 2:15-cv-412-FtM-99CM, 2017 WL 2578649, at *7 (M.D. Fla. June 14, 2017) (quoting Rule 30(b)(6)). Rule 30(b)(6) "imposes burdens on both the discovering party and the designating party": the party noticing "the deposition must describe with reasonable

---

of the reasonable expenses, including attorney's fees, incurred taking the Rule 30(b)(6) deposition. Doc. 52 at 9-10. Moreover, as that is the only specific sanction Plaintiff has discussed and briefed, the undersigned does not consider whether any other sanctions could have been pursued or awarded. *See id.* To the extent the Motion contains any passing and undeveloped arguments for any other sanctions or relief, such are insufficient to raise an issue. *See Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1356 (11th Cir. 2024); *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023); *Cousins v. Sch. Bd. of Orange Cnty., Fla.*, 687 F. Supp. 3d 1251, 1280 (M.D. Fla. 2023).

particularity the matters on which it intends to question the witness"; the corporation, in turn, "then 'has an affirmative duty to produce a representative who can answer questions within the scope of the matters described in the notice [of deposition] and are "known or reasonably available" to the corporation.'" *Dragon Jade Int'l, Ltd. v. Ultroid, LLC*, No. 8:17-cv-2422-T-27CPT, 2018 WL 11319090, at *2 (M.D. Fla. Dec. 28, 2018) (internal citations omitted); *see also Goers*, 2017 WL 2578649, at *7.

A corporate representative "'need not have personal knowledge of the designated subject matter' nor the most knowledge." *Goers*, 2017 WL 2578649, at *8 (citation omitted); *see also Dragon Jade Int'l,* 2018 WL 11319090, at *2. And "a Rule 30(b)(6) deposition is not a memory test" and does not require a witness's absolute perfection. *Fuentes v. Classica Cruise Operator Ltd, Inc.*, 32 F.4th 1311, 1322 (11th Cir. 2022); *see also A.M. by & through Malcolm v. Bayfront HMA Med. Ctr., LLC*, No. 8:18-cv-2398-JSM-SPF, 2022 WL 17417011, at *5 (M.D. Fla. Dec. 5, 2022). Thus, a corporate designee need not "'be prepared to speak with encyclopedic authority[,]'" and the 'fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation[s].'" *Fuentes*, 32 F.4th at 1322 (citations omitted); *see also Goers*, 2017 WL 2578649, at *8 ("Rule 30(b)(6) does not require the designated representative to remember every detail on the topics propounded. Indeed, a witness' inability to 'answer with the exactitude Plaintiffs

desired does not render him unknowledgeable or his testimony unresponsive.") (citation omitted).[2]

"If a corporate representative physically appears at a deposition, but is completely unprepared to provide testimony on the noticed topics," such may be considered a failure to appear and sanctioned under Rule 37. *Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co.*, No. 6:14-cv-1287-Orl-31, 2015 WL 2169234, at *3 (M.D. Fla. May 8, 2015); *see also Dragon Jade Int'l*, 2018 WL 11319090, at *3; *Goers*, 2017 WL 2578649, at *7 ("Additionally, a party's failure to properly designate a Rule 30(b)(6) witness can be viewed as non-appearance by that party, thus justifying the imposition of sanctions against it. Simply, however, because a designee cannot answer every question on a certain topic does not necessarily mean that the corporation failed to meet its Rule 30(b)(6) obligation.") (citations omitted). But "disputes about compliance with Rule 30(b)(6) are seldom clear cut[.]" *Fuentes*, 32 F.4th at 1323. There is often "considerable room for disagreement" about whether the requirements of Rule 30(b)(6) have been satisfied, and, if not, what remedy to employ. *Id.* These matters fall within the trial court's discretion. *Id.*

A motion for sanctions "filed pursuant to Rule 37 'must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.'" *Smith*

---

[2] Of course, if "the corporate designee does not know the answer to questions which are outside the scope of the matters described in the notice, then the questioning party is out of luck." *Kawasaki Kisen Kaisha, Ltd. v. All City Used Auto Parts, Inc.*, No. 3:07-cv-86-J-20MCR, 2008 WL 423456, at *2 (M.D. Fla. Feb. 13, 2008); *see also Fuentes*, 32 F.4th at 1323.

*v. Bank of Am. Home Loans*, No. 2:11-cv-676-FtM-29, 2014 WL 169845, at *2 (M.D. Fla. Jan. 15, 2014) (quoting Rule 37(d)(1)(B)); *see also Gamestop, Inc. v. Loan Ranger Acquisitions, LLC*, No. 8:13-cv-1149-T-36AEP, 2014 WL 12621334, at *2 (M.D. Fla. Oct. 28, 2014).

### III.  Discussion

The Motion contends that Defendant's designees were so completely unprepared that their testimony amounted to a nonappearance. *See generally* Doc. 52.³ But there are several facial signals to the contrary. For starters, the Motion attaches only limited and partial excerpts from each designee's testimony. *See* Doc. 52-2; Doc. 52-3. The Court will not speculate that the remaining unfiled portions of the depositions support Plaintiff's request for sanctions. *Cf. Kawasaki Kisen Kaisha, Ltd. v. All City Used Auto Parts, Inc.*, No. 3:07-cv-86-J-20MCR, 2008 WL 423456, at *2 (M.D. Fla. Feb. 13, 2008). To the contrary, Plaintiff presumably attached those excerpts it believes support its position, suggesting that the remaining unfiled portions of the depositions do *not* reflect time-wasting akin to a nonappearance. ⁴ *Cf. Fuentes*, 32 F.4th

---

³ Much of the Motion and those portions of the transcripts filed pertain to alleged deficiencies in the preparation by the designees, for example, in not speaking to others or reviewing certain documents. Of course, Rule 30(b)(6) requires a corporation to prepare its designee(s) to give adequate answers. *See, e.g.*, *Dragon Jade Int'l*, 2018 WL 11319090, at *2; *Maronda Homes*, 2015 WL 2169234, at *2. But the duty to prepare does not exist in the abstract; preparation need not take a particular form, and the sufficiency of preparation is of concern only where answers on noticed topics are inadequate. *See, e.g.*, *In re Ocwen Fin. Corp. Sec. Litig.*, No. 14-cv-81057, 2016 WL 11783408, at *3 (S.D. Fla. Dec. 1, 2016).

⁴ Plaintiff's filing of only excerpts from the depositions further limits its arguments on even those select and specific examples it cited by impeding a review and understanding of

at 1323 (affirming trial court's discretionary determination that "when viewed in the context of the extensive deposition as a whole," challenged testimony during a Rule 30(b)(6) deposition "was a lapse of preparation that did not rise to the level of sanctionable conduct).

Similarly, the Motion is generally underdeveloped. It broadly contends that Defendant's representatives were ill-prepared on "a variety of noticed topics" but does not clearly or cogently explain which specific topic(s) were allegedly deficient on what ground(s);[5] instead, the Motion cites a handful of questions and answers as "examples" of the broader but undeveloped alleged deficiencies. *See* Doc. 52 at 5-9. That is insufficient to warrant the sanctions requested. *E.g., Dragon Jade*, 2018 WL 11319090, at *3 (rejecting "misplaced and/or underdeveloped" arguments for sanctions alleging insufficient answers by Rule 30(b)(6) designee); *see also supra* note 1.

Reviewing the handful of examples cited by Plaintiff, it appears Plaintiff takes issue with Defendant's testimony as to five discrete areas: (i) the basis for the assertion that Defendant was a broker for the subject shipment; (ii) the basis for the assertion that a carrier, but not a broker, is liable under the Carmack Amendment;[6] (iii)

---

context. *See, e.g.*, *Avant Garde Eng'g & Res. Ltd. v. Nationwide Equip. Co.*, No. 3:11-cv-525-J-20TEM, 2013 WL 2106817, at *2 n.3 (M.D. Fla. May 15, 2013).

[5] At least as to at least one topic (number 6), Plaintiff's papers do not appear to even discuss who was designated as Defendant's representative. As to the other issues, Plaintiff appears in some instances to challenge one designee's knowledge on the *other* designee's topic.

[6] Plaintiff does not clearly articulate to which noticed topic this example (or some of the others it raises) pertains. To the extent any of the deposition pried into legal analysis or

"whether Tessco was offered the ability to declare value for" the load or whether a certificate of liability insurance was sent to it; (iv) Defendant's investigation as to the alleged loss; and (v) Defendant's motor carrier vetting policies and procedures. Doc. 52 at 6-9. Plaintiff blames designee Thomas Burns for the first four of these deficiencies, and designee Illia Sarha for the last. *Id.*

Upon careful review of the entirety of those deposition excerpts Plaintiff elected to file, the Court is unpersuaded that the sanctions requested by Plaintiff are warranted. In several instances, including, for example, regarding the basis for the assertion that Defendant was a broker, it appears that Defendant's designee gave an answer that was responsive. *See, e.g.*, Doc. 52-2 at 8-9, 11-12.[7] In other areas, including for example the investigation of the loss at issue, when the designee gave some responsive answers but expressed lack of knowledge of other areas (when speaking off the cuff having already answered a pending question), Plaintiff's counsel seemed as interested in sparring with the witness and/or declaring him unprepared as in asking

---

conclusions, such is a further reason not to award sanctions. *See, e.g., Hannah v. Armor Corr. Health Servs., Inc.*, No. 8:19-cv-596-T-60SPF, 2020 WL 3414999, at *4 (M.D. Fla. June 22, 2020); *Arthrex, Inc. v. Parcus Med., LLC*, No. 2:11-cv-694-FtM-29UAM, 2013 WL 12155461, at *1-2 (M.D. Fla. Nov. 18, 2013); *cf. Sorton v. Eidolon Analytic, Inc.*, No. 2:16-cv-129-FtM99MRM, 2016 WL 11817755, at *6 (M.D. Fla. Dec. 19, 2016).

[7] Citations are to the file-stamped number at the top of the page (*e.g.*, page 8 of 46).

additional questions on the knowledge the witness said he had, further exploring the topic, or clarifying the witness's scope of knowledge. *See, e.g.*, *id.* at 34-37.[8]

Ultimately, Plaintiff may not be pleased with depth of the answers, but that does not render them sanctionable. *See, e.g.*, *Dragon Jade Int'l*, 2018 WL 11319090, at *2 ("Indeed, 'the corporation's obligation under Rule 30(b)(6) does not mean that the witness can never answer that the corporation lacks knowledge of a certain fact. The absence of knowledge is, by itself, a fact that may be relevant to the issues in a given case.'") (citation omitted); *see also Fuentes*, 32 F.4th at 1322; *Goers*, 2017 WL 2578649, at *8. Having reviewed the Motion, the Response, and the entirety of the deposition excerpts filed therewith, the undersigned is not convinced that Plaintiff has shown that Defendant's designees were so "completely unprepared" to testify on their noticed topics as to amount to a sanctionable nonappearance. *See Maronda Homes*, 2015 WL 2169234, at *3; *see also Dragon Jade Int'l*, 2018 WL 11319090, at *3. To the contrary, even assuming *arguendo* that Defendant "did not adequately prepare" the designees for their Rule 30(b)(6) depositions, "despite [any] unpreparedness, [their] deposition[s] [were] not so unproductive as to amount to a failure to appear under Rule 37(d)(1). Accordingly, [Plaintiff] cannot recover deposition-related attorney's fees under Rule 37(d)(2)." *Maronda Homes*, 2015 WL 2169234, at *3; *see also Fuentes*, 32 F.4th at 1323.

---

[8] The topic "[t]he investigation as to the alleged loss" also appears potentially vague and broad. Doc. 52-1. The testimony reflects that the witness was able to answer several but not all questions about the investigation. For the reasons expressed herein, the appropriate remedy under the circumstances is not to construe the testimony as a nonappearance and award all costs of the deposition as a sanction. *Cf. Bayfront HMA Med. Ctr.*, 2022 WL 17417011, at *5.

But the Motion further fails for an independent reason. Even had the challenged testimony been so lacking as to constitute a nonappearance, the sanctions requested in the Motion would not be warranted. The Motion contains a certification pursuant to Local Rule 3.01(g) but does *not* contain the separate and distinct certification required under Rule 37(d)(1)(B). *See* Doc. 52 at 11.[9] To the contrary, the Motion appears inconsistent with Rule 37.

*Maronda Homes* is instructive. There, a party "did not adequately prepare" its designee for a Rule 30(b)(6) deposition. *See Maronda Homes*, 2015 WL 2169234, at *3. Upon realizing its error, it offered a second corporate representative to sit again for deposition and answer the questions. *See id.* But rather than take up that offer, the other party instead moved for sanctions—including some of the costs of the first deposition—apparently preferring "to attempt to take advantage of [the] mistake rather than making a 'good faith ... effort to obtain' testimony from a better-prepared corporate representative, as Rule 37(a)(1) requires." *See id.* at *2-3. That sanctions bid failed. *See id.* As does this one. *See* Doc. 56 at 3 ("During the parties' meet and confer, … [Defendant offered Plaintiff] an opportunity to take a second 30(b)(6) deposition on those [t]opics [Plaintiff] asserts [Defendant's] representatives were not properly

---

[9] This is reason alone to deny the Motion. *See, e.g.*, *Esrick v. Mitchell*, No. 5:08-cv-50-Oc-10GRJ, 2008 WL 5111246, at *1 (M.D. Fla. Dec. 3, 2008). Local Rule 3.01(g) and Rule 37(d) impose distinct but mandatory conferral and certification obligations. *Compare* Rule 37(d)(1)(B) *with* Local Rule 3.01(g); *see also Gamestop*, 2014 WL 12621334, at *2. In *Gamestop*, for example, as here, the motion at issue purported to comply with Local Rule 3.01(g) only. *See Gamestop*, 2014 WL 12621334, at *2; *see also* Case No. 8:13-cv-1149, Doc. 39 at 25. But that did not satisfy Rule 37(d)'s requirements. *See Gamestop*, 2014 WL 12621334, at *2.

9

prepared. Instead of making a good faith effort to resolve its grievances, [Plaintiff moved for sanctions]."); *see also Bayfront HMA Med. Ctr.*, 2022 WL 17417011, at *6 (denying motion for sanctions because "the Court finds the appropriate remedy to be the designation of a substitute corporate representatives for deposition" but the nonmoving party "offered this relief to Plaintiffs and Plaintiffs failed to take advantage of this offer"); *Gamestop*, 2014 WL 12621334, at *2-3 (denying motion for sanctions and finding movants "failed to comply with Rule 37(d)(1)(B) because they had the opportunity to obtain the requested information without court action, but refused to take advantage of said opportunity" where "when the parties conferred [the nonmovants] offered to produce another witness to provide additional information regarding the topics identified in the Rule 30(b)(6) notices" but the movants declined and instead sought sanctions); *Smith*, 2014 WL 169845, at *2 (denying sanctions motion where "plaintiffs have failed to comply with Rule 37(d)(1)(B) because they did not make a good faith effort to obtain the requested information without court action" even though it was "clear that the witness struggled with certain topics and was unable to provide detailed answers on others" because the other party stated it was willing to "cure any responses in the deposition that plaintiffs' consider inadequate, provided the questions are within the scope Rule 30(b)(6) notice and are not otherwise objectionable" but plaintiffs "refused such offers and indicated that they would rather seek sanctions than obtain the relevant information"); *cf. Entrust Datacard Corp. v. Zeiser GmbH*, No. 3:17-cv-110-J-39MCR, 2019 WL 7423513, at *5 (M.D. Fla. Oct. 28, 2019) (finding it "telling" that a party moved for sanctions rather than attempt to cooperate

10

to resolve concerns over Rule 30(b)(6) deposition and reiterating "that '[t]he purpose of the discovery rules is to facilitate resolution of cases on their merits with what is supposed to be an efficient self-executing or self-policed exchange of relevant information. Creation of satellite litigations or opportunities for seeking sanctions is not a goal of the process.'").

## IV. Conclusion

For the reasons set forth herein, the Motion is **denied**.

**DONE AND ORDERED** in Jacksonville, Florida, on August 21, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record